# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Philip G. Reinhard | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 12 C 50089 | **DATE** | 8/16/2012 |
| **CASE TITLE** | Bank of America, N.A. vs. Kent W. Shodeen, et al. | | |

**DOCKET ENTRY TEXT:**

For the reasons stated below, defendants' motion to stay is denied. Defendants motion for extension of time to answer is granted with the modification that defendants shall answer the complaint on or before 8/30/2012. Plaintiff's motion for default judgment is denied without prejudice.

*Philip G. Reinhard*

■[ For further details see text below.]   Electronic Notices.

## STATEMENT - OPINION

Defendants, Kent W. Shodeen, individually and Kent W. Shodeen as trustee of the Kent W. Shodeen Trust No. 1 move to stay this action pending resolution of a pending state court mortgage foreclosure action, identified as Bank of America v. Tanna Farms, LLC, et al, No. 12 CH 1035 said to be pending in Kane County, Illinois or alternatively for an extension of time to file a responsive pleading. Plaintiff, Bank of America, N.A., brought the action pending in this court for breach of personal guaranties by the defendants. Plaintiff moves for default judgment because defendants did not file a responsive pleading but only moved to stay.

Defendants argue this matter should be stayed because resolution of the foreclosure action will either show plaintiff is not entitled to any recovery or because any amount recovered by plaintiff in the foreclosure action will reduce the amount due under the guaranties. In deciding whether to grant a stay, the court must first determine whether the concurrent state and federal actions are actually parallel. JLM Financial Investments 4 LLC v. Aktipis, No. 11 C 2561, 2012 WL 74856, *1 (N.D. Ill. Jan. 9, 2012) (Gottschall, J.).

Defendants have not filed the state court pleadings with the court in conjunction with its motion to stay. The only information the court has to go on is the case name and number. Without more, the court is not in any position to find that the actions are "actually parallel." [While the court can take judicial notice of other pending actions, the moving party is obligated to ask the court to do so and to provide copies of the relevant pleadings.]

Generally, an action on a guaranty is not actually parallel to a mortgage foreclosure. Foreclosure actions proceed from property law while a guaranty is a creature of contract. Id. at 2. The entire purpose of a guaranty is to allow the creditor to proceed against the guarantors without having to wait for a foreclosure action to go to judgment. Id. Defendants have not shown this action to be actually parallel to the state court action.

For the foregoing reasons, defendants' motion to stay is denied. Defendants motion for extension of time to answer is granted with the modification that defendants shall answer the complaint on or before 8/30/2012. Plaintiff's motion for default judgment is denied without prejudice. As a general rule, cases should be decided on the merits.